## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GARY L. HAUCK,**
**Claimant Below, Petitioner**

**FILED**
December 6, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 19-0158** (BOR Appeal No. 2053154)
(Claim No. 2002030771)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**RG STEEL WHEELING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary L. Hauck, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of the Insurance Commissioner, by Counsel Sean Harter, filed a timely response.

The issue on appeal is permanent total disability. The claims administrator denied a permanent total disability award on September 29, 2016. The Office of Judges affirmed the decision in its July 2, 2018, Order. The Order was affirmed by the Board of Review on January 25, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hauck, a pipefitter, sustained multiple injuries in the course of his thirty years of employment. He was awarded the following permanent partial disability awards: 8% for left

1

inguinal hernia, 7% for the right shoulder, 10% for occupational pneumoconiosis, 19% for the left knee, 8% for the right knee, and 2% for an eye injury. Mr. Hauck applied for a permanent total disability award.

On October 7, 2008, Erin Saniga, M.Ed., completed a Permanent Total Disability Rehabilitation Evaluation Report in which she found that Mr. Hauck's work history included unskilled, semi-skilled, and skilled positions. She determined that a review of the labor market showed multiple open positions that Mr. Hauck would be capable of performing. She noted that a brief training program on computer basics would be helpful. Ms. Saniga found that Mr. Hauck was not permanently and totally disabled.

The Permanent Total Disability Review Board released its Initial Recommendations on July 21, 2011, in which it determined that Mr. Hauck did not qualify for a permanent total disability award. The Board found that the evidence indicates he is functioning at the sedentary to light physical demand level. Ms. Saniga found several positions available in Mr. Hauck's geographical area that he is qualified for or could become qualified for with a short training period. Because there were positions available which Mr. Hauck could perform, the Board found that he was not permanently and totally disabled. The claims administrator denied Mr. Hauck's application for a permanent total disability award on December 16, 2011.

On April 25, 2012, Mr. Hauck testified in a deposition that when he worked in his dad's TV repair shop, he did nothing but delivery and he performed no maintenance work. Mr. Hauck stated that he did not work as a parts person. He handed out parts but did no paperwork or sorting. He stated that when he worked in a mill he learned how to repair machines from others. He did not have to perform anything harder than basic measuring. Mr. Hauck admitted that there is nothing in the way of learning disabilities that would prevent him from learning to use a computer.

On August 16, 2013, the Office of Judges reversed the claims administrator's denial of a permanent total disability award and granted a permanent total disability award with an onset date of September 3, 2003. It relied on a 2004 independent medical evaluation by Robert Gerbo, M.D., in which Dr. Gerbo found that Mr. Hauck would likely not return to work and would not be a vocational rehabilitation candidate. The Board of Review reversed the Office of Judges' decision on January 7, 2014, and remanded for full and complete development of the evidentiary record because the evidence of record was not current.

Doug James, P.T., performed a functional capacity evaluation on November 10, 2015, in which he determined that Mr. Hauck showed range of motion and strength impairment in his right shoulder, bilateral knees, and left hip. These impairments were consistent with his functional limitations. Mr. James concluded that Mr. Hauck was capable of sedentary physical demand level work with some restrictions in balancing, stair climbing, kneeling, and crouching.

On March 24, 2016, Ms. Saniga performed a Permanent Total Disability Rehabilitation Evaluation in which she noted that Mr. Hauck was a high school graduate. She again found that his vocational history included non-skilled, semi-skilled, and skilled positions. She found 131 jobs for which Mr. Hauck was qualified, fourteen of which were in his geographical area. Ms. Saniga

noted that many of the positions require computer skills, which Mr. Hauck could learn in a brief computer skills workshop. She concluded that he was not permanently and totally disabled.

Casey Vass, R.N., M.S., C.R.C., C.C.M., Q.R.P., performed a Permanent Total Disability Rehabilitation Evaluation on May 2, 2016, in which he found that Mr. Hauck's former positions were semi-skilled or skilled. However, Mr. Vass found that none of those skills transfer to the light or sedentary physical demand level. Mr. Vass also found no sedentary work that would accommodate Mr. Hauck's need to elevate his legs to waist level. Mr. Vass concluded that Mr. Hauck is not capable of gainful employment at any physical demand level.

The Permanent Total Disability Review Board issued its Final Recommendations on September 12, 2016. It determined that Mr. Hauck had a total of 52% whole person impairment as a result of his work-related injuries. However, it found evidence of sedentary occupations for which he is either qualified or could become qualified with minimal training. Therefore, the Board concluded that Mr. Hauck has rehabilitation potential and is not permanently and totally disabled.

The claims administrator denied Mr. Hauck's request for a permanent total disability award on September 29, 2016. The Office of Judges affirmed the decision on July 2, 2018. The Office of Judges began by noting that the claim was previously remanded to the Office of Judges because the evidence was deemed too outdated to render a fair decision. The evidence at that time only went to 2008. Since the remand, the Office of Judges found that Mr. Hauck only had one functional capacity evaluation, the results of which showed that he was capable of performing at the sedentary physical demand level. Ms. Saniga then performed a Permanent Total Disability Rehabilitation Evaluation with a transferable skills analysis. She determined that there were fourteen jobs in Mr. Hauck's geographical area which he was qualified to perform or could become qualified to perform with a computer skills class. Ms. Saniga opined that Mr. Hauck was not permanently and totally disabled. The Permanent Total Disability Review Board also concluded that he was not permanently and totally disabled. The Office of Judges determined that Mr. Hauck was a high school graduate who testified that he would have no learning barriers which would prevent him from learning to operate a computer. Because there were jobs available for which he was qualified, the Office of Judges concluded Mr. Hauck was not permanently and totally disabled.

The Office of Judges found Mr. Vass's opinion, that Mr. Hauck was permanently and totally disabled, to be unreliable. Mr. Vass found that Mr. Hauck had no transferable skills to the sedentary physical demand level. However, the Office of Judges found no mention of what vocational evaluation data Mr. Vass used. Further, Mr. Vass stated that there is no sedentary job which would allow Mr. Hauck to elevate his legs to waist level; however, the Office of Judges found no indication in the record that Mr. Hauck has this restriction. The Board of Review affirmed the Office of Judges' decision on January 25, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-6(n)(1) (2016), in order to receive a permanent total disability award, a claimant must first show that he or she has received at least 50% in permanent partial disability awards. Next, the claimant must be evaluated by the reviewing Board and be found to have at least 50% whole body impairment. Finally, the claimant

must show that he or she is incapable of engaging in substantial gainful activity requiring skills or abilities which could be acquired or which are comparable to any gainful activity the claimant has performed in the past with some regularity. In this case, Mr. Hauck passed the first two thresholds for a permanent total disability award. The issue at hand is whether he is capable of engaging in substantial gainful employment. A preponderance of the evidence indicates that Mr. Hauck is capable of performing at the sedentary physical demand level. Ms. Saniga performed a transferable skills analysis and found fourteen jobs he was capable of performing that were in his geographical area. The weight of the evidence supports Ms. Saniga's findings. Because he has rehabilitation potential, Mr. Hauck is not permanently and totally disabled.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 6, 2019**


**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4